ELIEZER M. THORPE, Plaintiff in Error, *v.* JAMES BALLIETT, Defendant in Error.

### ERROR TO MACON.

The discharge by an examining magistrate of a person accused of a crime, is not such evidence of a want of probable cause, as will maintain an action for a malicious prosecution.

THIS is an action on the case, brought by plaintiff in error against defendant in error, for malicious prosecution.

The declaration contains three counts.

The first count alleges, that plaintiff in error, on the 12th day of September, 1859, before E. G. Falconer, justice of the peace, charged defendant in error with having knowingly and designedly, by false pretense, obtained from the plaintiff in error, $650.

The second count alleges, that plaintiff in error, on the 13th day of September, 1859, charged defendant in error with having committed a certain other offense, punishable by law, to wit, a felony.

The third count alleges, that plaintiff in error, on the 13th day of September, 1859, charged defendant in error with having

committed a certain other offense punishable by law, to wit, that of obtaining from the plaintiff in error, knowingly and designedly, by false pretenses, (then and there meaning that said defendant in error had obtained money from plaintiff in error, by false pretenses,) obtained from the said plaintiff in error, $650, he, said defendant in error, intending to defraud and cheat the said plaintiff in error out of the said $650.

Plea, general issue. Trial by jury.

The proof showed that one E. G. Falconer, an acting justice of the peace, issued the warrant. That he did so on affidavit written and made by Thorpe; that the warrant and affidavit were attached, and that he gave the warrant to John M. Lowry, constable, to be executed.

*George Goodman* testified, that he was acting juctice; that defendant in error was brought before him on a charge in handwriting of plaintiff in error. That he discharged defendant in error on ground of insufficiency of affidavit. That Thorpe prepared another affidavit, which he attached to the old warrant, erased Falconer's name, and inserted his own in same warrant.

*John M. Lowry*, a constable, proved an arrest. ·

*Jesse Hart* proved words between Thorpe and Balliett; that they quarreled together, and Thorpe threatened to have him arrested.

*J. S. Post* proved that as an attorney he was employed by Thorpe to prosecute before Goodman, and did so.

The court instructed the jury for the plaintiff—that if they believed, from the evidence, that Balliett was discharged by the examining magistrate upon the investigation of the charge preferred by Thorpe, then such discharge is *prima facie* evidence of a want of probable cause for such prosecution on the part of Thorpe.

That threats made by Thorpe that he would cause Balliett to be arrested and prosecuted for other and different reasons than the charges made in the affidavit, may also be taken into consideration by the jury in determining the want of probable cause for such prosecution.

The court refused to give the following instruction for the ·defendant : " That the want of probable cause is not shown by the fact alone that the plaintiff was acquitted before the magistrate." Exception taken. Verdict for plaintiff, $300.

Motion for new trial overruled. Judgment for plaintiff upon the verdict.

The errors assigned are, the admitting the affidavit and warrant marked exhibit " A " in evidence ; in giving defendant's instructions ; in refusing plaintiff's instruction ; in overruling

plaintiff's motion for a new trial; and in giving judgment for defendant.

TUPPER & NELSON, for Plaintiff in Error.

A. J. GALLAGHER, and PRATHER & MALONE, for Defendants in Error.

WALKER, J.   It is urged that the court below erred in giving the fourth instruction asked by defendant in error, and refusing to give the last asked by plaintiff in error.   The instruction given, informs the jury that the discharge of the plaintiff, by the examining justice of the peace, was *prima facie* evidence of the want of probable cause for the prosecution of Thorpe.   The instruction refused to be given, asserts the reverse of that proposition.   Then, if it was proper to give one, it follows that the other should have been refused.   In the case of *Israel* v. *Brooks*, 23 Ill. 575, we held that the discharge of the person accused by the examining magistrate, is not evidence of the want of probable cause, but to establish that fact, something more must be proved.   That case is in point, and is decisive of this.   The court should have refused the instruction given, and have given the one refused.   The judgment of the court below must therefore be reversed, and the cause remanded.

*Judgment reversed.*