Comisky v. Breen.

## John Comisky
### v.
## James Breen.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.—In order to maintain this action, the plaintiff must show affirmatively that the defendant instituted the prosecution without probable cause.

2. MALICE.—It is also incumbent upon the plaintiff to show malice on the part of the defendant. Malice is not a legal presumption from want of probable cause ; but is a question for the jury to find from the facts proven. So long as all the evidence in the case is consistent with good faith on the part of the defendant, malice can not be said to be fairly proved.

3. MUST SHOW DETERMINATION OF THE PROSECUTION.—It is also incumbent upon the plaintiff to show that the prosecution has been legally determined in his favor; and the averments in the declaration as to the particular manner in which the prosecution was terminated must be proved as alleged.

4. EVIDENCE.—Justices of the peace are required by law to keep a record of their proceedings and judgments, and such judgments can not be proved by secondary evidence without first showing the loss or destruction of the record.

5. PROOF OF ACQUITTAL— EVIDENCE FROM THE RECORD. — In actions

for malicious prosecution where the plaintiff alleges a determination of the prosecution in his favor by his discharge upon the hearing before the justice, proof of such averments must be made by the record, and if for any cause the court is compelled to reject the offered record, under the rules of evidence, the plaintiff cannot supply its place by oral testimony.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed December 4, 1880.

Action on the case for malicious prosecution with a count in trespass for false imprisonment, commenced by appellee against the appellant in the LaSalle Circuit Court.

The counts in case aver that the appellant maliciously and without any reasonable or probable cause, caused a warrant to be issued by one McCaleb, a justice of the peace, of said county, charging the appellee with the crime of arson in maliciously setting fire to and burning one stack of hay and one crib of oats, the property of the appellant; that upon such warrant the appellee was arrested and taken before said justice, and upon examination he was discharged and the prosecution ended. The general issue was filed by the defendant to the whole declaration, and a special plea to the count in trespass justifying the arrest by virtue of the warrant upon which the appellee was arrested. A trial was had, resulting in a verdict against the defendant below, and the court overruling a motion for a new trial, entered judgment upon the verdict and the defendant appealed to this court.

MR. E. F. BULL and MR. H. GUNN, for appellant; that the warrant under which plaintiff was arrested being regular in form, it constituted a complete defense to the count for false imprisonment, cited Bigelow's Lead. Cases in Tort, 275; Housh v. The People, 75 Ill. 487; McDonald v. Wilkie, 13 Ill. 22; Martin v. Walker, 15 Ill. 378.

As to what must be shown by plaintiff in support of this action: Bigelow's Lead. Cases in Tort, 178; 2 Addison on Torts, 762; Wade v. Walden, 23 Ill, 425; Israel v. Brooks, 23 Ill. 575.

Malice is not a legal presumption from want of probable cause: Harpham v. Whitney, 77 Ill. 32.

Comisky v. Breen.

An ins'ruction that gives undue prominence to a single isolated fact, is vicious: Hewitt v. Johnson, 72 Ill. 513; Evans v. George, 80 Ill. 51; Ogden v. Kirby, 79 Ill. 555; Hatch v. Marsh, 71 Ill. 370; Homes v. Hale, 71 Ill. 552.

The plaintiff must show affirmatively a want of probable cause : Ames v. Snider, 69 Ill. 376; Palmer v. Richardson, 70 Ill. 544; Ross v. Inness, 35 Ill. 488; Davis v. Wisher, 72 Ill. 262.

There is no presumption of malice : Anderson v. Friend, 71 Ill. 475; Wagner v. Aultman, 2 Bradwell, 147; Israel v. Brooks, 23 Ill. 575; Hurd v. Shaw, 20 Ill. 354; Bishop v. Bell, 2 Bradwell, 551; Griffin v. Chub, 7 Tex. 603; Levy v. Brannan, 39 Cal. 485; Boyd v. Cross, 35 Md. 194; Dietz v. Langfit. 63 Pa. 234; Markle v. Ottenmeyer, 50 Mo. 49.

The defendant may show that he acted *bona fide* upon legal advice : Cole v. Curtiss, 16 Minn. 182.

Mr. M. T. MOLONEY and Mr. SAMUEL RICHARDSON, for appellee ; that to constitute a probable cause there must be reasonable ground for suspicion, cited Ross v. Inness, 35 Ill. 481; Krug v. Ward, 77 Ill. 603.

Upon the power to amend a bill of exceptions: Wallahan v. The People, 40 Ill. 102; Brooks v. Bruyn, 40 Ill. 65; Berger v. Riggs, 40 Ill. 62; Kelsey v. Berry, 40 Ill. 64; Ballance v. Leonard, 40 Ill. 72; Wilder v. House, 40 Ill. 92; Jones v. F. M. Ins. Co. 55 Mo. 342; DeKalb Co. v. Hixon, 44 Mo. 342.

PILLSBURY, J. The view that we have taken of this case renders it unnecessary for us to formally dispose of the motion of the appellant, taken with the cause, to strike the amended record from the files.

In order for a plaintiff to maintain his action for malicious prosecution, he must affirmatively establish, first: that the defendant instituted the prosecution without probable cause for so doing. Israel v. Brooks, 23 Ill. 575; Ross v. Inness, 35 Ill. 487; Ames v. Snider, 69 Ill. 376; Palmer v. Richardson, 70 Ill. 544; Brown v. Smith, 53 Ill. 291.

Probable cause is defined in Harpham v. Whitney, 77 Ill.

32, as being, "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." And proof that such facts and circumstances did not exist, though negative in character must be made by the plaintiff. Brown v. Smith, 83 Ill. 291.

Secondly, the plaintiff must show that the motive of the prosecutor in instituting the proceeding was malicious, and the question of malice is one for the jury under all the facts in evidence. It must be found to exist, as a material fact in the case, and while it is said in some of the cases that malice may be inferred from a want of probable cause, it is not intended to hold that this inference is in all cases necessarily to be deduced from the existence of the fact that there was no probable cause for the arrest.

Justice Sheldon in Harpham v. Whitney, *supra*, says: "It is often said the jury may infer malice from the want of probable cause. They may do so under certain circumstances, but not in all cases. Malice is in no case *a legal presumption* from the want of probable cause, it being for the jury to find from the facts proved, when there was no probable cause, whether there was malice or not." Therefore it is seen that it depends upon the facts and circumstances in the case going to prove the want of probable cause, whether the jury should or should not infer malice from the want of probable cause. While it would be difficult to announce a rule applicable to every case as it may arise, perhaps it may be said that the jury would be authorized to infer malice from the want of probable cause alone, where the facts and circumstances in evidence which establish the principal fact, are inconsistent with good faith upon the part of the prosecutor, but in cases where the proof may show a want of probable cause, yet if the evidence upon this point is consistent with good faith, the jury ought not to infer malice, simply, because the principal fact is proved, but in such case the plaintiff should go further and introduce independent evidence of malice in the prosecutor. Malice therefore, not being a legal presumption in any case, is to be proved like any other fact, and so long as all the evidence in

the case is consistent with good faith on the part of the defendant, it cannot be fairly said that malice is established. If the accompanying circumstances, however, show that the defendant in instituting the prosecution was actuated by an improper or wrongful motive this will be sufficient proof of malice.

Thirdly, the plaintiff must show that the prosecution has been legally determined in his favor. Feagle v. Simpson, 1 Scam. 30; McBean v. Ritchie, 18 Ill. 114; Walker v. Martin, 43 Ill 508; Blalock v. Randall, 76 Ill. 224.

And the averments in the declaration as to the particular manner in which the prosecution was terminated, must be proved as alleged. 3 Phillips on Evidence, 568.

The declaration in this case avers that the plaintiff had a hearing before McCaleb, the justice who issued the warrant, and upon a hearing before him touching said charge he was acquitted and discharged from custody. To prove this allegation the appellee offered in evidence the record of the proceedings made by the justice, upon the trial of the appellee, as appears by the amended record, filed in this court, which evidence the court below excluded upon objection of appellant. The court then allowed the appellee, over the objection of the appellant, to prove said proceedings by the oral testimony of the justice.

The appellee, while excepting to the action of the court in excluding the record of the justice, offered for the purpose only of showing that the prosecution had been legally terminated in his favor, took no measure to preserve his exception under the statute, neither has he assigned any cross-error questioning this action of the court.

Was it competent for the appellee to prove by parol evidence, the proceedings had been before the justice including the judgment of the court in discharging the appellee?

It is elementary that oral evidence cannot be substituted for any instrument which the law requires to be in writing. 1 Greenl. on Ev. § 89, so long as the writing exists, and is in the power of the party to produce.

The authorities are harmonious, as appears to us, upon the proposition, not only that the record is competent to prove the

fact of the acquittal, but that the fact cannot be proved otherwise in cases of malicious prosecution, where the prosecution was ended by the acquittal of the accused.

It is said in Phillips on Evidence, 3 Vol. page 568: "If the bill of indictment was returned by the grand jury not a true bill, or if the plaintiff was acquitted on the trial of the prosecution, these facts can only be proved by the original record or by an examined copy of the record;" and in Selwyn's Nisi Prius, the rule is said to be that the plaintiff must produce an examined copy of the record of the indictment, and where there has been a verdict of not guilty, of the acquittal. 2 Vol. page 1072: "It must appear that the prosecution was at an end, and if terminated by a judgment this is proved by the record, and it must appear that the plaintiff was acquitted of the charge." 2 Greenl. on Ev. § 452.

It is true that justice's courts are not courts of record, yet the statute requires the justice when acting judicially to keep a docket in which his judgments are to be recorded, and a party cannot be allowed to prove by secondary evidence what is in writing in his office without showing as preliminary to such proof that the writing has been lost or destroyed. The remarks of the court in Cole v. Hanks, 3 Monroe 208, which was a case for malicious prosecution, are particularly applicable to the facts in this record: "The law is well settled, that before this action can be maintained, the prosecution must be determined, and how it was determined the plaintiff must show in his declaration, in order that the court may see that it is really ended. No doubt such a determination of the prosecution was sufficiently shown by the allegations made in this declaration. But the plaintiff has not supported them with proof. He has confined himself to an acquittal of record, and then attempts to show an acquittal without record, which is wholly inadmissible. For if the bill of indictment was returned by the grand jury not a true bill, or if the plaintiff was acquitted on the trial of the prosecution, these facts can only be proved by the original record."

It was also held in Dougherty v. Dorsey, 4 Bibb. Ky., that

Comisky v. Breen.

the record of the justice, together with the warrant was competent evidence to prove a prosecution and acquittal.

The Supreme Court of Alabama, in Long v. Rodgers, 19 Ala. 328, held that there was no error in admitting as evidence to the jury the memorandum, made at the time of the trial by the justice of the peace, trying the cause of the judgment which he rendered, the same containing the written evidence of his judgment.

The Supreme Court of Pennsylvania, in Katterman v. Stitzer, 7 Watts. 191, held that in an action for malicious prosecution, a copy of the record of the prosecution, is competent evidence not only to show that the plaintiff was acquitted, but also that the defendant was the prosecutor.

The Supreme Court of Massachusetts, in Stone v. Crocker, 24 Pick. 81, in speaking of the necessity of proving the termination of the prosecution, say: "Another indispensable, though generally easy step, is the proof of the institution of the prosecution and of the acquittal of the plaintiff. This necessarily being a matter which exists on record, if at all, must be proved by an authenticated copy of the record;" and in Sayles v. Briggs 4 Met. 422, the same court announce the same rule of evience in the following language: "To sustain an action for malicious prosecution, it is necessary for the plaintiff to give evidence, by the production of the record, or a true copy of it, of the proceedings and an acquittal of the charge, with the further proof that the accusation was malicious and without probable cause."

We have referred to the authorities above at such length, because of the reliance placed by appellee's counsel upon the case of Skidmore v. Bricker, 77 Ill. 166, as sustaining the view that the record of the acquittal is not competent for any purpose in this class of cases, but that it is error to admit it. The argument is that as the record is inadmissible and the necessity still exists for the plaintiff to show that the suit is legally determined in his favor by an acquittal, of a necessity, resort must be had to oral testimony.

The above case of Skidmore v. Bricker was a suit for mali-

cious prosecution and the record of the acquittal introduced in evidence on the trial below.

Upon this point, Chief Justice Walker, says: "It is also urged that the court below erred in permitting the record of acquittal on the charge of riot, in the county court to be read in evidence by appellee. In this there was manifest error. The question in·this case is not whether the accused was guilty or innocent but whether the prosecuting witness had probable ground for believing the accused guilty. If the record of acquittal was permitted to be read in evidence, on the trial of this class of cases, a recovery could be had in almost every case of acquittal. Such a practice would deter all men from thus endeavoring to enforce the criminal laws of the State. The prosecutor would be compelled to secure a conviction or respond in damages for a malicious prosecution.

This is not, nor can it ever be held to be, the law. Far better abolish the action of malicious prosecution than accept such a rule. Under it, no one would dare to prosecute, who was able to respond in damages. We refer to Corbley v. Wilson, 71 Ill. 209, where the rule is announced that it is error to admit in evidence the record of acquittal."

If the report of the above case stated the record in question was offered for the simple and sole purpose of showing a prosecution and that it had been determined by the acquittal of the plaintiff, then we should be led. to conclude that the Supreme Court intended by this decision to establish a rule in this state different from that announced in the authorities to which we have referred, and from the one which the profession has always supposed to exist. It has been the practice, we believe, always in this state to allow the record to to be introduced for such purpose, and in the cases in our own reports, where our Supreme Court has held that the action has been brought prematurely, that fact has been determined from the record of the prosecution, and that record having shown that the prosecution was not ended, the plaintiff was held not entitled to recover. And generally in those cases where the action has been sustained, the record has been received in evidence for the limited purpose above stated, and no suggestion,

so far as we are advised, either by counsel or the court, was ever made that it was not competent evidence for such purpose. There is not the slightest intimation in the opinion of Mr. Chief Justice Walker, that it is intended to overrule or modify any former opinions of the same court, or to establish any different rule of evidence in that case than had always been applied in others.

We then must conclude that. there was something in the record of that case, not fully appearing in the report of it, that justly called from the court its disapproval of the action of the court below. And an examination of the opinion itself and the case referred to therein, will, we think, show that the action of the court below which was so tersely condemned by the court, consisted in admitting the record of the county court, containing the acquittal of the plaintiff, for the purpose of proving that the plaintiff was *innocent* of the crime laid to his charge. Chief Justice Walker intimates that it was introduced for that purpose when he says: "The question in this case is not whether the accused was guilty or innocent, but whether the prosecuting witness had probable grounds for believing the accused guilty." This is rendered more apparent when we examine the case of Corbley v. Wilson, 71 Ill. 209, which was an action on the case for slander, the charge being of a grave criminal character, with a plea by the defendant of justification. It appears that the plaintiff had been indicted for the crime, which he had been accused of committing by the defendant, and that he had been tried and acquitted. The court admitted the record of the acquittal in the case of the People v. Wilson, to which the defendant in the suit for slander was not a party.

This was held error, as its only object could be to show that the plaintiff was innocent, and thereby weaken or destroy the justification by a record of a "public prosecution in conducting which the defendant had no agency, or power, or rights, or interests at stake." The defendant not being bound by the judgment, his justification could not be jeopardized by the record of acquittal in a suit for the termination of which he was not responsible.

Considering the opinion in Skidmore v. Bricker, under the light of all the authorities and the uniform practice heretofore existing in this State, of counsel offering and the court admitting in evidence the record of the prosecution and acquittal of the plaintiff for the purpose only of showing a legal termination of the prosecution, we are all of the opinion that the case, then before the court, was one where the record was allowed to go to the jury as evidence of the innocence of the plaintiff and proof of the want of probable cause. This view finds some support in the case of Anderson v. Friend, 85 Ill. 135, where the plaintiff having been arrested and examined before a magistrate upon a charge of larceny, and discharged, brought her action for malicious prosecution.

Justice Walker, in delivering the opinion of the court in that case said : "To recover in this class of cases, there must be malice on the part of the person starting the prosecution, and a want of probable cause for believing the accused is guilty of the offense charged; nor is a want of probable cause shown by the acquittal of the accused. If such were the rule, but few, if any, would dare to make any effort to enforce the criminal laws of the State. To do so would involve the prosecuting witness, whenever the prosecution failed, in vexatious litigation and loss, and none could be expected to incur such hazards." The rule here stated that an acquittal or discharge of the plaintiff is no proof of the want of probable cause, is fully sustained by the former decisions of the same Court. McBean v. Ritchie, 18 Ill. 114; Israel v. Brooks, 23 Ill. 575; Thorpe v. Balliett, 25 Ill. 339.

We conclude upon this branch of the case, that the plaintiff in his declaration, having alleged the termination of the prosecution in his favor by his discharge upon hearing before a justice of the peace, must prove such averments by the production of the record, and if for any cause the court is compelled under the rules of evidence to reject the offered record, the plaintiff cannot be allowed to supply its place by oral testimony. Sayles v. Briggs, 4 Met. 422.

We think that the court improperly instructed the jury on behalf of the plaintiff in many of the propositions given to them as being applicable to the case.

The first instruction permits a recovery without requiring concurrence of both malice and want of probable cause. The rule is that both must concur. The second instruction in substance states that the affidavit is competent evidence of the want of probable cause. The proceedings before the justice were competent for the purpose alone, as we have seen, of showing that there had been a prosecution, and that it had been determined and they should not be admitted to the jury, nor considered by them, as tending in the least to show a want of probable cause for the arrest. The third instruction changes the burden of proof, besides stating an abstract proposition of law not applicable to the case. The fourth ignores the element of malice, changes the burden of proof and appears to be incomplete in its construction. The same objection applies to the sixth, seventh and ninth instructions as to the first. The instructions that the jury might infer malice from the want of probable cause, were not perhaps objectionable in themselves, but the court should have given the eleventh instruction asked by the defendant, it being but a proper qualification of those asked by plaintiff upon the same subject. If given, the jury would have understood that they were not necessarily required to infer malice, although the proof might show a want of probable cause.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.