## EDWARD McGUIRE
## v.
## WILLIAM GOODMAN.

*Malicious Prosecution—Probable Cause—Trespass—Cutting Trees—Evidence—Docket Entries—Judge's Minutes—Instructions.*

1. In an action for malicious prosecution brought by a person previously arrested upon an information charging trespass in cutting timb r, the charge having been dismissed before trial, this court holds that the evidence does not sustain the claim that there was not probable cause for the prosecution in question.

2. When an action of this character is based upon proceedings in a justice court, the docket entries of the justice may, upon the refusal of the defendant so to stipulate, be admitted to show the termination of the criminal proceedings therein.

3. The minutes of the county judge upon his docket can not be substituted for the record of the court. It alone is competent to prove that which is required to be proven by the record.

·4. A mistake or error not amounting to gross negligence will not affect the question of probable cause, when there is an honest belief on the part of the party swearing out a warrant for the arrest of another that such person is probably guilty.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Mr. R. J. McELVAIN, for appellant.

Messrs. HILL & MARTIN, for appellee.

REEVES, J.   Appellant made a complaint upon which appellee was arrested for trespass, for cutting timber, and brought before a justice of the peace for preliminary examination upon the charge. Subsequently the proceeding before the justice was discontinued, and an information against appellee and others making the same charge, was filed in the County

Court, sworn to by appellant, appellee arrested and held to bail. Before trial upon the information, the state's attorney ordered a *nolle* as to appellee. This suit was brought for malicious prosecution in the matter of the charge against appellee for cutting timber. In the tria: of the case in the Circuit Court, the plaintiff offered in evidence the docket entries of the justice of the peace before whom plaintiff was brought, and also the minutes of the county judge upon his docket, which were admitted over the objection of the defendant.

There was manifest error in admitting the minutes of the county judge for any purpose. These minutes can not be substituted for the record of the court. The record alone is competent to prove that which is required to be proven by the record.

The docket entries of the justice of the peace might have been admitted for a specific purpose, namely, to show the termination of the criminal proceeding; but when this is done the jury should be told by the court that such evidence is only admitted to show that fact, and is not to be considered by the jury at all in determining the question of want of probable cause. The bill of exceptions fails to show any such qualification by the court in the admission of this evidence. If we should follow literally the decision of the Supreme Court in Skidmore v. Bricker, 77 Ill. 164, these docket entries should not have been admitted at all; but we incline to adopt the ruling of the Appellate Court of the second district in the case of Comisky v. Breen, 7 Ill. App. 369, to this extent, that the record may be admitted where the defendant will not stipulate that the criminal proceeding has terminated, for the purpose of showing such termination, provided the court specifically and fully informs the jury that such evidence shall not be considered by the jury in determining the question of want of probable cause. When the defendant in a suit for malicious prosecution will stipulate that the criminal or other proceeding out of which the suit for malicious prosecution grows, had terminated before the suit for malicious prosecution was commenced, then the record should not be

admitted, for the reason that if the evidence goes to the jury that the defendant in the criminal proceeding was acquitted or discharged, it would be very difficult for the jury to leave that fact out of mind, when determining the question of probable cause. However, if the defendant will not stipulate that the criminal proceeding had terminated, it is difficult to see how, under the established rules of evidence, such termination could be proved except by the record.

Under the evidence in the record, we hold the motion for a new trial should have been allowed. To us it appears that there was not satisfactory evidence that there was not probable cause for the charge against plaintiff. It is not denied that he cut a tree in Brokaw's land without the consent of Brokaw or his agent, and without any color of title.

The plaintiff's seventh instruction should not have been given. We find no sufficient warrant in the evidence for the statement in this instruction, "that if defendant sought by the use of criminal process, a recovery of private property or for gain," etc.

We can not approve all the language of the sixth instruction. This instruction reads as follows: "Although the defendant may have honestly believed at the time the prosecution against plaintiff was commenced, that there was reasonable and probable cause for such prosecution, yet, if this belief on his part, however confident and strong, was induced by his own error, mistake or negligence, without any occasion for suspicion given by the plaintiff, such belief of defendant will not amount to probable cause. While it is the law that an honest belief, in the party swearing out a warrant for the arrest of another upon a criminal charge, that such person is probably guilty, will not constitute probable cause, if he could not have entertained such belief but for gross negligence on his part, acting as an ordinarily prudent person would under like circumstances, still a mistake or error not amounting to such gross negligence, would not affect the question of probable cause where there was such honest belief.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*