## J. Phillip Knecht v. Phillip Lehr.

1. MALICIOUS PROSECUTION—*End of the Prosecution Must be Shown.*—Proof of the termination of the prosecution is an essential prerequisite to a successful prosecution of a suit for a malicious prosecution.

2. SAME—*Evidence of the End of the Prosecution.*—Where the prosecution is before a justice of the peace his docket is the best evidence and is admissible to prove the termination of the prosecution.

**Action for Malicious Prosecution.**—Trial in the Circuit Court of Washington County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Reversed and remanded. Opinion filed March 10, 1899.

F. M. VERNOR and TURNER & HOLDER, attorneys for appellant.

In order to maintain an action for malicious prosecution, the burden of proof under the plea of general issue is upon the plaintiff, to show by a preponderance of the evidence these propositions:

1. That he has been prosecuted by the defendant either in a criminal or civil proceeding, and that the prosecution is at an end.

2. That the prosecution complained of was instituted maliciously and without probable cause.

3. That he had by reason of such prosecution, sustained damages. Newell on Malicious Prosecution, Sec. 1, page 450.

The proof of the prosecution and discharge must be done by the records of the justice of the peace, or authenticated copies of docket entries, or their absence properly accounted for. Comisky v. Breen, 7 Ill. App. 369; Wilmerton v. Sample, 39 Ill. App. 68; Granger v. Warrington, 3 Gilm. 306; The People ex rel. v. Madison County, 125 Ill. 344.

WINKELMAN & WATTS, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

There are three counts in the declaration. Counsel for appellee, in their brief, say that the first and second counts are for malicious prosecution, and the third count for false imprisonment. It is averred in the first count that appellant, with one Fruth, falsely and maliciously caused a warrant to be issued by Henry Sinn, a justice of the peace, under which appellee was arrested and brought before the justice; that from said justice he took a change of venue to J. R. Coulter, a justice of the peace; that before him a hearing was had and appellant was discharged, etc.

This allegation required proof by competent evidence. Upon the trial of the present case, over the specific objection of appellant to the admission of oral testimony, appellee was allowed to testify as to the proceedings before the justice. This was error. The docket of the justice was the best evidence. It was admissible, not to prove that appellant was not guilty, but to prove the termination of the prosecution. This interpretation of the opinion in Skidmore v. Bricker, 77 Ill. 164, has been adopted in several instances, and we think it is correct. Comisky v. Breen, 7 Brad. 374; Fadner v. Filer, 27 Ill. App. 508; McGuire v. Goodman, 31 Ill. App. 420; Wilmerton v. Sample, 39 Ill. App. 68.

For the error above noted, judgment is reversed and case remanded.