Knecht v. Lehr.

---

## J. Philip Knecht v. Philip Lehr.

1. APPELLATE COURT PRACTICE—*When Errors Assigned Will Not be Discussed.*—Where errors are assigned to the giving of instructions and to the denial of a motion for a new trial, and the abstract of the record does not show any exceptions to the giving of such instructions, nor the contents of the motion for a new trial, the Appellate Court is not required to discuss the errors assigned.

**Trespass on the Case,** for malicious prosecution. · Appeal from the Circuit Court of Washington County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900. Rehearing denied.

TURNER & HOLDER and F. M. VERNOR, attorneys for appellant.

WINKELMANN & WATTS, attorneys for appellee. .

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, by appellee against appellant, in the Circuit Court of Washington County, to recover damages for malicious prosecution and false imprisonment. Trial was by jury. Verdict and judgment in favor of appellee for $5.

This case was before us at a former term of this court, is reported in 81 Ill. App. 208, and was reversed and remanded on the ground, alone, that the court erred in allowing the proceedings, before the justice of the peace, to be proven by oral testimony, instead of requiring it to be shown by the justice's docket.

The abstract of the record before us is not in compliance with the rules. The principal errors assigned are the giving of certain instructions, and the denying of appellant's motion for a new trial. The abstract does not show any exceptions to the giving of the instructions complained of, nor does it show the contents of the motion for a new trial, nor of the affidavit in support of it, and is otherwise defective. We have sufficiently examined this record to feel that substantial justice has been done in the trial court. The state of the abstract is such that we are not required to discuss the errors assigned.

The judgment of the Circuit Court is affirmed.