Michael G. Enright

*v.*

Estella A. Gibson.

*Opinion filed February 21, 1906.*

1. False imprisonment—*a private citizen must prove guilt to justify arrest.* In an action for false imprisonment against a private individual for arresting, or causing an officer to arrest, the plaintiff without a warrant, the defendant can justify the arrest only by showing that a crime was committed and that the plaintiff was guilty of the crime.

2. Same—*when instructions do not apply to false imprisonment.* Instructions, in an action against a private individual for malicious prosecution and false imprisonment, which hold that it is not necessary for the defendant to prove the actual guilt of the plaintiff if there was probable cause for the arrest and the defendant acted without malice, are not applicable to the count for false imprisonment, and are properly modified by restricting them to the count for malicious prosecution.

3. Same—*allegation that arrest was without probable cause is surplusage.* An allegation in a count charging the defendant, who is a private individual, with false imprisonment, to the effect that the arrest and imprisonment were without reasonable or probable cause, is surplusage.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

WILLIAM E. MASON, and LEWIS F. MASON, for appellant.

MORSE IVES, and G. I. HAIGHT, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was a suit brought by appellee, Estella A. Gibson, against appellant, in the superior court of Cook county. The declaration consisted of two counts. The first count alleged false imprisonment, and the second, malicious prosecution. The cause was tried before a jury, and a verdict rendered for $5000, $2500 of which was remitted and judgment entered for the sum of $2500, from which an appeal was prosecuted to the Appellate Court, where the judgment of the superior court was affirmed, and a further appeal is now prosecuted to this court.

Appellant conducted an employment office in the city of Chicago. Appellee was his clerk and in charge of what is termed by the evidence "the female department." For that department she kept a certain book, which contained merely the list of persons wanting female help, their locations and street numbers, the class of work and the wages proposed to be paid. Appellee had been thus employed about six weeks. On Saturday evening, May 25, 1901, she took the book in question home with her, claiming that it was for the purpose of sewing the covers on the index to it and completing the index to the entries of orders. The appellant suspected that she had taken this book for the purpose of copying and furnishing to his competitors the entries therein contained. He missed the book the same evening that appellee took it and sent a clerk to recall appellee to the office, who claims that when he saw appellee she directed him to return to appellant

and say to appellant that he did not see her. On Sunday afternoon she returned to the office with the book. Appellant was there and requested her to take a seat. She offered to show him the book and to tell him what she had been doing with it. Appellant immediately called an officer, directed him to arrest appellee and accompanied the officer and appellee to the police station, where appellee was confined over night. Appellee claims that the door of the room in which she was detained until the officer arrived was locked, while the evidence on the part of appellant tends to show the contrary. On Monday morning, after appellee had been taken to the police station and confined over night, appellant made a complaint charging appellee with larceny of the book in question. The cause was heard the following day and appellee was discharged, and the suit at bar followed.

Appellant was not an officer, and it is not contended that there is no evidence in the record fairly tending to support the first count, being the count for false imprisonment.

The errors relied upon relate wholly to the instructions. The complaint is, that instructions 16, 17, 18, 19 and 20 offered by appellant were not given as offered, but were modified by the court and given as modified. Instructions 16, 17 and 18 relate to the elements of probable cause and good faith on the part of Enright. The sixteenth, as offered, defined probable cause, and advised the jury that unless they believed that the appellant acted without probable cause and with malice they should find him not guilty. The seventeenth, as offered, advised the jury that the burden of proof was upon appellee to show that the defendant did not have probable cause, and that if she failed to do so the jury should find the defendant not guilty. The eighteenth, as offered, was, in effect, that if Enright acted in good faith, upon evidence, whether true or false, which was sufficient to create in the mind of a reasonably cautious man a reasonable belief of guilt of the plaintiff, then they should find the defendant not guilty. The nineteenth, as offered, was that the plaintiff

must show that the defendant acted without probable cause and with malice, and that if the jury believed, from the evidence, there was probable cause and no malice was shown, they should find the defendant not guilty. The twentieth, as offered, advised the jury that it was not necessary for appellant to prove the actual guilt of appellee of the crime of larceny as bailee, but that if he acted upon facts and circumstances known to him, and they were such as would lead a reasonable and prudent man to believe her guilty, and that he did believe her guilty, then the jury should find the defendant not guilty. All these instructions, as offered, were general, and unless modified would be applicable alike to each count of the declaration. The court refused them as offered, and modified each of them by restricting its application to the second count of the declaration. As modified and given they stated correct principles of law applicable to the charge of malicious prosecution.

Counsel for appellant, however, take the position that the instructions are also applicable to the charge of false imprisonment contained in the first count, and in support of that contention cite *Harpham* v. *Whitney,* 77 Ill. 32, *Bourne* v. *Stout,* 62 id. 261, *McGuire* v. *Goodman,* 31 Ill. App. 420, and *Ford* v. *Buckley,* 68 id. 447. While those cases announce the principle that appellant contends for, they are applied wholly to cases for malicious prosecution, and not to cases for false imprisonment. Not one of the cases cited arose upon the charge of false imprisonment. By the common law, and according to the holdings in many of the States, a private person may justify an arrest by showing that a felony had been actually committed and that he had reasonable grounds to suspect that the person arrested committed the felony. (2 Am. & Eng. Ency. of Law,—2d ed.—885; 3 Cyc. 885, and authorities therein cited.) By section 4 of division 6 of our Criminal Code (Hurd's Stat. 1903, par. 342, p. 677,) it is provided: "An arrest may be made by an officer or by a private person without warrant, for a crimi-

nal offense committed or attempted in his presence, and by an officer, when a criminal offense has in fact been committed and he has reasonable ground for believing that the person to be arrested has committed it."

From the reading of this statute it would seem that there is pointed out a distinction between the power of a citizen to make an arrest and that of an officer. A citizen may arrest when an offense is committed or attempted to be committed in his presence; so, too, may an officer under the same circumstances. But an officer may also arrest where the criminal offense has in fact been committed and he has reasonable grounds for believing the person arrested has committed it. But this latter power is not extended to a citizen by the statute. The policy of the law in this State seems to be that a citizen must not be permitted to take the law into his own hands and to make arrests upon suspicion or upon probable cause of guilt. If the citizen knows a crime has been committed it is his duty to appear before a magistrate and make a complaint, in which he states that the crime has been committed, and in which he may state, upon reasonable information and belief, that the party named is the guilty party, whereupon the magistrate will issue his warrant directed to all sheriffs, coroners and constables in the State, or, in case of emergency or in the absence of such officer, may direct the same to a private individual. When this course is pursued ample protection is given to the citizen who makes the complaint or who may make the arrest under the warrant, and to the accused person named in the warrant. If the private citizen, without observing these formalities of law, may constitute himself an officer and jailer upon mere suspicion or probable cause of guilt of the accused person, it would place in the hands of the vicious or ill-disposed a power the exercise of which might result in a greater evil than might arise from the occasional escape of guilty parties before the officers can be called or the forms of law observed. Such has been the view of this court from an early date, and is clearly ex-

pressed in *Dodds* v. *Board,* 43 Ill. 95. There Board brought
suit against Dodds and others for false imprisonment. Lo-
gan, one of the defendants in that suit, attempted to justify
by a plea in which he alleged that a larceny had recently been
committed in that neighborhood and that he had reasonable
ground to believe that the plaintiff was guilty as an accessory
to said crime. A demurrer was sustained to this plea, and
on appeal this court said: "This plea, as a defense, is de-
fective in not stating that Logan was a peace officer author-
ized to make arrests of persons guilty of crime, if intended
as a justification by such an officer. If intended as a justi-
fication as a private individual, it should, to constitute a bar,
have averred the guilt of plaintiff. The demurrer was there-
fore properly sustained to this plea." The other defendants
to the suit attempted to justify by a plea stating that they
had reasonable ground to suspect that plaintiff was guilty of
a larceny which had been recently committed, and that, so
suspecting, they induced and caused Logan, who was a peace
officer, to make the arrest. A demurrer was sustained to this
plea, and of it this court said: "To hold this plea good as a
justification to the persons causing the arrest would be to
hold that private individuals might arrest on probable cause
to believe that the party was guilty, as the arrest thus caused
is, in principle, precisely the same as if the arrest had been
made by a private person. The mere fact that they induced
even an officer, without a warrant, to make the arrest does
not protect them. They do not act under the direction of the
officer, but he under theirs. Whilst in such a case the officer,
acting upon facts reasonably calculated to raise the presump-
tion of guilt, would no doubt be protected, the party causing
him to make the arrest would not be unless guilt were shown.
There are, no doubt, cases which hold that private individ-
uals may arrest on probable cause, but there are authorities
which hold the contrary rule, and in the conflict of authority
we are left free to adopt the rule which seems to be most
consonant with reason and the public interest; and to prevent

breaches of the peace, and even bloodshed, we think that a private individual should not be justified unless a crime had been committed and the person arrested shall be shown to be the guilty party." We think this case a clear announcement of the rule in this State that before a private citizen can justify an arrest made by him, he must show not only that a crime has in fact been committed, but that the person arrested is guilty of the crime. This case was followed and quoted with approval in *Kindred* v. *Stitt,* 51 Ill. 401; and to the same effect is *Johnson* v. *VonKettler,* 84 id. 315. These cases, as we think, are in keeping with the provisions of the statute above quoted. In fact, as we understand it, the statute above was enacted since the rendition of these opinions by this court, and we regard the statute as the enactment of the rule as formulated by this court.

The instructions, as offered, fall far short of meeting the requirements of the rule as above announced. They contain no reference to the actual commission of a felony or other crime by any person, nor are they predicated in any degree upon the guilt of the appellee of such crime, and therefore, as a justification for the false imprisonment, were wholly insufficient and inapplicable to that count and charge.

Appellant argues that these instructions should have been given because appellee, in the first count of the declaration, alleges that the arrest and false imprisonment were without any reasonable or probable cause. That allegation was not necessary, and doubtless was, as it should have been, treated by the trial court as surplusage. *Johnson* v. *VonKettler, supra.*

We think there was no error in the modification of the instructions, and that the judgment of the Appellate Court should be affirmed, which is accordingly done.

*Judgment affirmed.*