McBean *v.* Ritchie.

WILLIAM McBEAN, Plaintiff in Error, *v.* WILLIAM W. RITCHIE, Defendant in Error.

ERROR TO PULASKI.

It is erroneous to instruct the jury, in an action for malicious prosecution, that if the defendant in the suit had prosecuted the plaintiff on the charge alleged, and the plaintiff had been acquitted, that he was therefore entitled to a verdict. The law does not presume malice and want of probable cause, merely because a party has been prosecuted and acquitted.

A cause of action for malicious prosecution, however malicious and unfounded the prosecution may have been, does not arise until the prosecution is ended. To sustain this action, malice and want of probable cause must have concurred in the criminal prosecution.

Less evidence of want of probable cause will be requisite, than would be necessary to prove an affirmative allegation; and if the facts upon which the probable cause depends are peculiarly within the knowledge of the defendant, but slight proof of the want of such cause will suffice.

Malice will be inferred from the want of proof, to show a probable cause; but malice, although expressly proved, will not sustain an action, if there was a probable cause for a prosecution.

THIS was an action on the case, for a malicious prosecution, instituted by Ritchie against McBean, the plaintiff in error, and taken, by change of venue, from Massac to Pulaski county. Issue was joined upon the plea of general issue.

There was a trial by jury, and a verdict for $650 damages, and a judgment upon the verdict. A motion for a new trial was overruled.

The opinion of the court is founded upon an erroneous instruction, which is copied into the opinion.

The cause was brought, by consent, from the first to the second grand division.

J. Logan, J. Allen, and C. G. Simons, for Plaintiff in Error.

T. G. C. Davis, for Defendant in Error.

Skinner, J.    This was an action on the case, by Ritchie against McBean, for malicious prosecution of Ritchie for perjury.    On the trial the court instructed the jury, on the part of Ritchie, as follows :

" The court instructs the jury, as matter of law, that if you believe, from the evidence, that McBean, defendant, prosecuted plaintiff for perjury maliciously and without probable cause, the verdict should be for plaintiff, Ritchie, and if Ritchie was tried on said charge, and on investigation of the cause he was acquitted, and the prosecution ended, these facts, *prima facie*, show, in law, that there was no probable cause, and the jury may presume malice from the want of probable cause. Yet the plaintiff is allowed by law to prove express malice; and if there is proof, to your satisfaction, of express malice, you may regard such proof of express malice in aggravation of damages, if you find for the plaintiff."

The declaration necessarily alleged the prosecution ; that it was determined by the acquittal or discharge of Ritchie ; and that the same was prosecuted by McBean maliciously and without probable cause; and to maintain the cause of action alleged, it was incumbent on Ritchie, the plaintiff, to prove each of these material allegations.

The effect of the instruction was to direct the jury to find for the plaintiff, if the defendant prosecuted the plaintiff on the charge alleged, and upon trial thereof was acquitted ; and it is based upon the supposition that, from the prosecution and acquittal, the law presumes malice and want of probable cause.

Ritchie had no cause of action against McBean, however malicious and unfounded the prosecution may have been, until the prosecution was ended by his acquittal or discharge. *Teazle* v. *Simpson*, 1 Scam. R. 30 ; 2 Starkie's Ev. 677 ; 2 Phillips' Ev. Chap. 17 ; 7 Watts R. 189 ; 2 Nott and McCord R. 143.

Malice and want of probable cause must have concurred in the prosecution of the criminal charge, and that prosecution must have been determined in favor of Ritchie, at the time of the institution of his action ; and from such determination in his favor, discharge or acquittal, the law does not presume want of probable cause for the prosecution.    2 Phillips' Ev. Chap. 17 ; 2 Starkie's Ev. 677, 680, 681, 682 and 683 ; *Murray* v. *Long*, 1 Wend. R. 140 ; *White* v. *Dingly*, 4 Mass. R. 433 ; *Leiding* v. *Rawson*, 1 Scam. R. 272 ; *Jacks* v. *Stimpson*, 13 Ill. R. 703 ; *Ritchie* v. *McBean*, 17 ibid. 63.

As want of probable cause involves negative proof, undoubtedly, less evidence of this allegation, on the part of the plaintiff, would be required, than in the case of affirmative allegations; and where the facts and circumstances upon which the existence of probable cause depends are peculiarly within the knowledge of the defendant, slight proof of want of probable cause will suffice.

It is true, that malice is implied from the fact of prosecution without probable cause; for, the want of probable cause being shown, some motive for the prosecution must be supposed to have existed, and none, in such case, but a malicious one, can reasonably be inferred. But malice, although expressly proved, affords no cause of action, if there was probable cause for the prosecution.

Society requires prosecutions for crimes, and probable cause for such prosecutions is a protection against legal liability, no matter by what motive the prosecutor may have been actuated.

The court erred in instructing the jury that the acquittal of Ritchie of the charge of perjury, was *prima facie* evidence of want of probable cause for the prosecution.

Judgment reversed and cause remanded.

*Judgment reversed.*