## AMOS MORRELL

### v.

## ANNA BELLE MARTIN.

1.    INSTRUCTIONS—FALSE IMPRISONMENT.—The instruction upon false imprisonment is erroneous in that it omits the necessary qualification "that unless the restraint or detention was by virtue of a valid process or warrant against her issued by proper lawful authority."

2.    INSTRUCTIONS—MALICIOUS PROSECUTION.—An instruction that the prosecution of a person criminally, with any other motive than that of bringing a guilty person to justice, is a malicious prosecution.    *Held,* erroneous.    To maintain such action there must be no probable cause and malice concurring.

ERROR to the Circuit Court of Effingham county ; the Hon. WILLIAM C. JONES, Judge, presiding.    Opinion filed November 27, 1885.

Mr. S. F. GILMORE, Mr. J. C. WHITE, and Messrs. WOOD BROS., for plaintiff in error.

Mr. R. C. HARRAH and Mr. B. F. KAGAY, for defendant in error.

GREEN. J.    In this case defendant in error brought her action in the court below, against plaintiff in error, and in her declaration of seven counts, sets up a cause of action in case,

for malicious prosecution in the four first, and trespass *vi et armis* for false imprisonment in the remaining three counts. Defendant below interposed a plea of "not guilty" to the whole declaration, with a special plea of justification to the 5th, 6th and 7th counts, setting up that Morrell went before Williamson, a justice of the peace, and made oath that defendant in error, on January 8, 1835, at the house of Nancy Martin, did commit a misdemeanor, to wit: that defendant in error had been guilty of disorderly conduct; that said justice did thereupon issue his warrant for her arrest, which warrant was delivered to Ryan, a constable, to execute, who without the presence, advice, or assistance of Morrell, did arrest her on the same day, by virtue of said warrant, and brought her before said justice; that said Morrell had just and reasonable grounds for believing her to have committed said misdemeanor, and that the above are the several supposed trespasses, etc. Replications traversing said pleas were filed by plaintiff below, issue joined and trial by a jury had, which rendered a verdict for plaintiff below for $500; whereupon, Morrell moved for a new trial; which motion was overruled and judgment was rendered against him by the court below on the verdict, to reverse which judgment this writ of error was sued out.

The disorderly conduct alleged, as insisted upon by defendant below on the trial, was that defendant in error had intruded herself into the house of Nancy Martin, and upon being requested by the latter to leave, had refused to do so, and had conducted herself there in a disorderly manner, using profane language, etc. Defendant in error on her part insisted that she visited said house (which was the residence of her husband's mother, Nancy Martin), to see him, or ascertain from the family there where he was, and was not guilty of disorderly conduct and did not use profane language there. As usual in such cases there was a conflict of evidence, and some of the testimony tended to prove disorderly conduct on the part of the defendant in error, as alleged, while other of the testimony negatived such charge. Inasmuch as the case will be tried by another jury, we deem it unnecessary to express our opinion upon the merits of the case, or to allude

to the evidence, except to say that the error assigned for admit-
ting improper evidence on the part and behalf of plaintiff below
(which it is claimed the court did) is not well assigned, but so
far as the record discloses, no objection was made at the trial,
on behalf of defendant below, to the admission of any evidence
except such as was competent, and tended to show that defend-
ant in error was informed her husband had gone to Nancy
Martin's, and acting on such information, had called there to in-
quire for him, and ascertain his whereabouts on the occasion
when it is alleged she acted in a disorderly manner, thus ex-
plaining and giving a reason for such call, and negativing the
charge that she intruded herself there without right. But the
court below erred in giving several of the instructions given
to the jury on behalf of the plaintiff below. The 4th of these
instructions informs the jury that if Morrell, at any time,
place or manner, restrained plaintiff of her liberty, or detained
her in any manner from going where she wished, or prevented
her from doing what she desired, or counseled, advised or pro-
cured such restraint or detention, that would be sufficient to
sustain her charge of false imprisonment against Morrell.
This instruction omits the very necessary qualification " unless
such restraint or detention was by virtue of a valid process
or warrant against her, issued by proper lawful authority."
The instruction 4½ is erroneous and ought not to have been
given, because it is not *confined* in its application to the counts
in case in plaintiff's declaration, and it would not be appli-
cable to the counts in trespass *vi et armis ;* and also because
in the last clause of said instructions, the jury are informed if
they believe certain facts they shall find for the plaintiff, with-
out being required to so believe *from the evidence.* The 8th
of these instructions is as follows : " The jury are instructed
that the prosecution of a person criminally, with any other mo-
tive than that of bringing a guilty person to justice, is a ma-
licious prosecution."

This instruction does not state the law as we understand it.
A person may entertain malice against another, and moved by
that feeling, institute a prosecution for a crime against the ob-
ject of his hatred ; and if the latter is guilty of such crime, or if

the one instituting such prosecution has probable cause for believing him guilty thereof, an action for malicious prosecution will not lie. To maintain such action there must be no probable cause and malice concurring. The 9th and 10th of these instructions are not accurate, but as they will probably be amended before being given, if another trial should be had, we will not lengthen this opinion by discussing them, nor by the citation of authorities in support of the objections to the other instructions herein mentioned. It is sufficient to say that the giving of them was error and was calculated to mislead the jury, and for such error the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.