## George Conkling v. Henry S. Whitmore.

### Gen. No. 4,733.

1. FALSE IMPRISONMENT—*when offense of, complete.* It is false imprisonment where a person is improperly arrested without warrant, and as far as the action of false imprisonment is concerned it makes no difference whether the person is subsequently prosecuted or not; the action is complete when the detention results from the improper arrest.

2. FALSE IMPRISONMENT—*what immaterial in action for.* In an action for false imprisonment in which it is charged that the arrest was illegally made without a warrant, the verdict of the jury rendered upon the trial of the criminal charge is immaterial and does not establish conclusively that the arrest was improperly made without a warrant.

3. FALSE IMPRISONMENT—*what facts must be found by the jury.* The jury trying an action for false imprisonment must find whether or not a crime has been committed, and whether or not the person arrested committed the crime, and must further find from the acts

and circumstances surrounding the arrest without a warrant, whether it was committed in the officer's presence.

4. FALSE IMPRISONMENT—*when want of probable cause not established in action for.* A want of probable cause is not established in an action for false imprisonment where it appears that the officer making the arrest acted without apparent malice and upon the advice of reputable and competent counsel to whom a full disclosure of the facts in his possession had been made.

5. NON OBSTANTE VERDICTO—*when entry of judgment not proper.* *Held*, that upon the record in this case the entry of judgment *non obstante verdicto* would have been improper.

6. ARREST—*when officer may make, without a warrant.* In this state an officer can make an arrest without a warrant where a criminal offense, even of the grade of a misdemeanor, is committed in his presence.

Action for false imprisonment. Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907. Rehearing denied and opinion modified April 10, 1907.

W. H. A. RENNER and M. H. CLEARY, for appellant.

THOMAS H. HODSON and SHEEHAN & SHEEHAN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is a suit for false imprisonment and malicious prosecution brought by appellant against appellee, to recover damages alleged to have been sustained on account of appellant's arrest and prosecution for violating the fish laws of this state, by appellee, then sheriff of Jo Daviess county. Prior to July 19, 1904, numerous complaints were made by the owners of Younkers lake, in Jo Daviess county, to appellee, who was sheriff of that county, that persons were fishing with a seine in that lake, without their consent, and that Younkers lake was private property. Younkers lake is an inland body of water surrounded by, and upon private property, and a stream of water runs into the lake at one end, and the other end, by means

of a bayou, empties into the Mississippi river. After these complaints were made, appellee talked with the state's attorney of his county and one David Sheean, the oldest practicing attorney in that county, and told them of the complaints that had been made and asked their advice as to his duty in the matter and what action he should take. Both attorneys advised him to go to the lake and if he found any one fishing there with seine to arrest him and bring him to Galena, the county seat of Jo Daviess county, and swear out a warrant for him for violating the fish laws of Illinois. Some time after this appellee went to Younkers lake and there found appellant in the act of fishing with a seine; thereupon he arrested him and took him and his seine to Galena and swore out a warrant against him charging him with violating the fish laws of the State of Illinois. A trial was had before a justice of the peace and appellant was fined $25 and costs. From this judgment appellant appealed to the Circuit Court, and on a trial by a jury in that court appellant was found not guilty. State's attorney Boevers also filed an information in the County Court against appellant charging him with violating the fish laws, but subsequently dismissed it. When the information was dismissed appellant was offered his seine back, but he did not see fit to send for it. This case has been tried twice and each time the jury has returned a verdict in favor of appellee.

"It is false imprisonment where a person is improperly arrested without a warrant, and as far as the action of false imprisonment is concerned it makes no difference whether the person is subsequently prosecuted or not. The action is complete when the detention results from the improper arrest." "False imprisonment is a trespass committed by an unlawful arrest and imprisonment. If the imprisonment is under legal process, but the action was begun and carried on maliciously and without probable cause, it is a malicious prosecution and not false imprisonment."

Mexican Central Railway Company v. Gehr, 66 Ill. App. 173. Therefore, as far as the action of false imprisonment is concerned, it is immaterial what happened after the warrant was sworn out, for then all cause of action was merged into the action for malicious prosecution.

Appellant bases his right of action upon the theory that the law allows a recovery of damages when a person is arrested without a warrant and the jury in the criminal case returns a verdict of not guilty, and that the verdict in the criminal case is conclusive that the arrest was improperly made without a warrant. We cannot agree with appellant's counsel, for the reason that for the purpose of the action for false imprisonment the verdict of the jury in the criminal case is immaterial. The criminal cause was a prosecution by the public for the punishment of the person accused of violating its laws, and the rule governing the admission of evidence in the criminal case is much more strict than in a civil case; and it is necessary to prove the defendant's guilt beyond reasonable doubt, and even though a person might be guilty of a crime, yet, on account of the absence or death of some of the witnesses, or from false evidence, or from a mistake of law by the judge, or from a mistake as to the facts by the jury, the criminal case might fail without any fault on the part of the plaintiff himself, and for this reason it would not be just to hold the person making the arrest liable in damages. Appellee was not a party to that case, but was only a complaining witness, and therefore had no right to conduct that case, and consequently should not be bound by the result of the case but should have a right to try the facts surrounding the arrest of appellant in the action for false imprisonment.

The true rule is that the jury trying the action for false imprisonment must find whether or not a crime has been committed, and whether or not the person

arrested committed the crime; and must further find
from the acts and circumstances surrounding the ar-
rest without a warrant whether it was committed in
the officer's presence. The trial judge for some rea-
son seems to have held that it was not proper for the
defendant below to show that appellant was fishing
illegally and violating the laws of this state. Wood v.
Olson, 117 Ill. App. 132. However, no harm was done
appellee because the jury corrected it by their ver-
dict.

It is not a prerequisite to the action of false im-
prisonment, that the criminal proceedings must have
terminated in favor of the plaintiff in the false im-
prisonment case. A person might be guilty, yet, if he
was illegally restrained of his liberty on that account,
the person so illegally restraining him would be guilty
of false imprisonment. W. U. T. Co. v. Thompson,
144 Fed. 585. Appellant, in his brief and argument,
seems to confound the action of false imprisonment
with that of malicious prosecution, and urges us to
enter a judgment for the damages alleged to have
been sustained on account of the arrest and prosecu-
tion, *"non obstante veredicto."* This is not the proper
practice in this kind of a case, for the pleadings put
the matter in controversy at issue; and even if we
adopted appellant's view of the matter we could not
substitute what he claims as conclusive evidence for
a pleading in the case.

Appellee was a public officer of this state and was
sworn to do his duty. It is the duty of a public officer,
when any crime is committed in his presence, to arrest
the offender forthwith.

If appellant was fishing with a seine on July 19, 1904,
at Younkers lake, and that body of water is on pri-
vate property and appellant did not have the consent of
the owners, he would be guilty of the crime of vio-
lating section 7 of the fish laws of the State of Illi-
nois; and if he fished with a seine in Younkers lake, even
if not private property, he would be guilty of the crime

of violating section 18 of the fish laws of this state. It is true it would be only a misdemeanor, but a misdemeanor is a crime.' Whether or not he did this was a question of fact for the jury in the false imprisonment case (not the criminal case), and they found adversely to appellant. We do not feel warranted in saying they were wrong, for there is ample evidence to sustain that finding. If he did these acts in the presence of appellee, sheriff of Jo Daviess county, it was not only the right of the sheriff to arrest appellant without a warrant, but he would be derelict in his duty if he did not do so. Under the statute of our state (R. S. chap. 38; div. 6, sec. 4) and the decisions of our courts (North v. People, 139 Ill. 81, 104), an arrest can be made without a warrant by an officer for a criminal offense committed in his presence. The words "criminal offense" include all misdemeanors, however slight, and all felonies, however great.

The case of Enright v. Gibson, 219 Ill. 550, is cited by appellant. We have examined that case carefully and find no conflict with the views we express here. That case says nothing about a verdict of not guilty by a jury in a criminal case giving a person arrested without a warrant a right to recover damages. The difference between that case and this is, that the jury in the Enright case, by their verdict of guilty and assessing damages, found the facts to be that no crime had been committed, therefore there was no right to arrest without a warrant; while in this case, the jury found by their verdict of not guilty that a crime was committed. That was not a case where there was a prosecution and a verdict, in a criminal case, that appellant committed the crime and committed it in the presence of appellee, and nothing, therefore, which showed that appellee was justified in making the arrest without a warrant. The verdict of the jury finding these facts in the criminal case against appellant here is a barrier to our applying the law of the Enright case to this. It is our opinion that there is suffi-

cient evidence in this record upon which to base the verdict of the jury that appellee was justified in making the arrest without a warrant. We are not unmindful of the importance of the right of a citizen not to be arrested without a warrant, but not only our statute sanctions it under certain cases but public policy demands it. If no arrest could be lawfully made without a warrant, the culprit, if transient and unknown, might escape altogether before a warrant could be obtained. The delay necessarily incident to obtaining a warrant would in many cases be equivalent to an absolute immunity from arrest and punishment; and should the name of the offender be unknown, he, most probably, would never be apprehended if once suffered to depart. (28 L. R. A. 691.) Appellant resided in Iowa and Younkers lake was near the Mississippi river, the boundary between this state and Iowa, and appellant would probably have escaped from this state before a warrant could be issued.

Does the record in this case disclose sufficient evidence to maintain an action of malicious prosecution? In order to maintain the action of malicious prosecution it is necessary for the plaintiff to prove that the proceeding complained of not only terminated in favor of defendant, but that such proceeding was instituted maliciously and without probable cause.

On the trial below, appellant introduced the record showing the verdict of not guilty in the criminal case in the Circuit Court. This is no evidence of the want of probable cause, and the only purpose for which it is admissible is to show the termination of the other proceedings. McBean v. Ritchie, 18 Ill. 114; Stewart v. Sonneborn, 98 U. S. 187, and cases cited. The crime was one over which the justice had jurisdiction of the subject-matter, and the fact that appellant was convicted before the justice, even though on appeal the appellant was acquitted, is conclusive of probable cause, unless it is alleged and proved that such judgment before the justice was obtained by fraud or other

improper means.  Thomas v. Muehlmann, 92 Ill. App. 571, and cases cited.

The record also discloses evidence to the effect that appellee had taken and followed the advice of State's Attorney Boevers and Attorney David Sheean, attorneys of good standing in Jo Daviess county, in causing the prosecution of appellant.  The proof warranted the jury in finding that appellee sought these attorneys *bona fide,* and gave them a full and fair statement of all the facts and circumstances connected with the affair, so far as he knew them.  This is a sufficient defense in a suit for malicious prosecution. Young v. Lindstrom, 115 Ill. App. 244, and cases there cited.  There is an utter absence of any evidence in this record showing that the appellee started the proceeding in the justice court on account of any malicious or unfriendly feeling toward appellant.

Counsel for appellant also contends that there is error in giving instructions for appellee, but fails to point them out specifically; nevertheless we have examined the instructions and can see no good reason for the complaint.  This case has been submitted to two juries, and both times the juries have rendered a verdict for appellee, and after carefully reviewing the record we think the verdict is the only one that an intelligent and fair minded jury could have in reason and justice returned, and it is apparent to us that substantial justice has been done between the parties by the judgment of the trial court.

The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*