## Dan Liogas, Appellant, v. Phillip Lowenguth, Appellee.

1. MALICIOUS PROSECUTION, § 51*—*when recovery cannot be had under declaration for false imprisonment.* While counts for malicious prosecution and false imprisonment may be joined in the same declaration, yet a recovery for malicious prosecution cannot be had under a declaration for false imprisonment.

2. APPEAL AND ERROR, § 420*—*when Appellate Court will treat declaration as one for false imprisonment.* Where the form of the action in question was not clear from the declaration, but both parties treated the declaration as one in an action for false imprisonment, the Appellate Court, also for the purpose of review, was required to so treat it, and recovery for malicious prosecution was denied.

3. FALSE IMPRISONMENT, § 1*—*when recovery cannot be had.* Where a declaration on its face showed a legal complaint and warrant, and an arrest and detention by a legal and proper officer, and the proofs sustained the same, there could be no recovery for false imprisonment unless the warrant was invalid or the arrest or detention illegal.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed November 7, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

W. J. BAXTER and HARRY FAULKNER, for appellant.

J. M. BANDY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This case, as it appears from the record, arises out of the following facts: In November, 1917, appellee sold to appellant and two other parties his butcher business in Granite City, including his horses, wagons and some tools and equipment. Subsequently appellant bought out his partners. A slaughter house, which was located in the back yard of appellee, together with some tools and apparatus, were rented by appellee to appellant for a rental of $15 per month. In August, 1918, appellant by order of the authorities of Granite City, was forced to discontinue the use of this slaughter house. He then moved his equipment and tools to another place. It is claimed by appellee that appellant in moving also took certain tools belonging to him. On August 30, 1918, appellee made sworn complaint to a police magistrate of Granite City, charging appellant with the larceny of these tools. A warrant for the arrest of appellant was issued and delivered to an officer. Appellant learning of the warrant on August 31 went to the police station and was there arrested. He was detained at the station until he could obtain a bondsman and the matter was set for preliminary hearing on September 9. Before that time it appears both appellant and appellee saw and talked with the Assistant State's Attorney, who on the day set for the hearing dismissed the case. A declaration was filed setting forth the facts substantially as stated above. The case was tried before the court and a jury of six which returned a verdict of not guilty.

The form of action is not clear from the declaration, but both parties treat it as a declaration for false im-

prisonment and this court must also, for the purpose of this review, so consider it. The declaration on its face shows a legal complaint and warrant, and an arrest and detention by a legal and proper officer, and the proofs sustain the same. Under these conditions there can be no recovery for false imprisonment for there can be no false imprisonment unless the warrant is invalid or the arrest or detention illegal. (*Watters v. De La Matter,* 109 Ill. App. 334.) "False imprisonment is a trespass committed by an unlawful arrest and imprisonment. If the imprisonment is under legal process, but the action was begun and carried on maliciously and without probable cause, it is a malicious prosecution and not false imprisonment." (*Mexican Cent. Ry. Co. v. Gehr,* 66 Ill. App. 173. See also *Conkling v. Whitmore,* 132 Ill. App. 574; *Morrell v. Martin,* 17 Ill. App. 336.)

While counts for malicious prosecution and false imprisonment may be joined in the same declaration, yet a recovery for malicious prosecution cannot be had under a declaration for false imprisonment. For the reasons stated the judgment of the court below is affirmed.

*Affirmed.*