W. E. Green, Appellee, v. P. G. Ross, Appellant.

Gen. No. 8,342.

Opinion filed April 22, 1930.

Acton, Acton & Snyder and Everett L. Dalbey, for appellant.

Lewman & Carter and Jones, McIntire & Jones, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case the appellee, Wm. E. Green, sued P. G. Ross, appellant, in the circuit court of Vermilion

county in an action of trespass. The appellee's cause of action is stated in the declaration consisting of one original count and four additional counts. The original count charges the appellant with assault and battery; and in the first additional count, it is alleged, that the appellant with force and arms broke in and entered the dwelling house of the appellee; and with force and arms seized and took divers goods and chattels of the appellee. The second additional count alleges that the appellant forcibly entered the dwelling house of the appellee and expelled him and his family from the possession, use and occupation of the same. The third additional count charges assault and battery; and the fourth additional count charges assault and battery; also charges that the appellant then and there "caused the plaintiff to be imprisoned and detained in prison without any reasonable or probable cause whatever, for the space of, to-wit, two days, contrary to the laws of this State, and against the will of the plaintiff."

The appellant pleaded not guilty to the declaration; he also filed two special pleas, in which he averred that he acted in self-defense; also that he entered the premises in question by leave and license of the appellee.

The trial of the case resulted in a verdict against the appellant, finding him guilty; and assessing the appellee's damages at $3,000. Judgment was rendered by the court below on the verdict; and this appeal is prosecuted from the judgment.

A number of errors are assigned for reversal of the judgment. The evidence tends to show that the appellee was employed by the appellant, who was the agent and manager of the so-called "Thompson Farm" in Vermilion county; and that appellee in connection with his employment on the farm was given possession of a dwelling house situated on the farm.

The appellee began work on the farm, which consisted of the feeding of stock and other farm work; and took possession of the house assigned to him about the 11th of December, 1928. About the beginning of March in 1929, the appellant terminated the appellee's employment; and on the 4th of March the appellant went to the house where the appellee was living and informed him that his employment had been terminated; and that the appellant had employed another man by the name of Lewis to take appellee's place on the farm; and that he wanted him to vacate the house in which he was living, so that Lewis could move in. The evidence is in conflict as to what was agreed upon between them at that time; and in reference to the appellee's willingness to give up possession of the house and allowing Lewis to move in; the appellant testified that he told the appellee he would cancel certain indebtedness which he claimed the appellee owed him, if he would vacate the house immediately; and that the appellee agreed to do so. But the appellee's version of the agreement as testified to by the appellee, is that he would move the next day if he could find a house in the adjacent town of Fithian to move into; that he went to Fithian to try and find a house, but could not find one and therefore he could not move immediately.

The evidence tends to show that on the next day, namely, March 5th, the new employee Lewis drove up to the premises still occupied by the appellee with two loads of furniture, which he wanted to move into the house; but that the appellee refused to allow Lewis to take possession of the house; Lewis informed the appellant of the appellee's refusal; and thereupon the appellant appeared upon the scene; and went to the house occupied by the appellee and entered it; as he claims, by invitation of the appellee, which is denied by the appellee; and while in the house, and

during the discussion of the question of the appellee's right to remain there, and the appellant's right to retake possession of the house for the new employee Lewis, that a quarrel ensued, and a fight resulted in which both parties were injured; the most severe injuries apparently having been suffered by the appellee in the altercation. It also appears that during the altercation the appellee used a hammer which he testified was one of the tools that he kept in the house; and with the hammer inflicted several injuries on the appellant. Thereafter the appellant made a complaint before a justice of the peace at Fithian, charging the appellee with an assault upon him with a deadly weapon with intent to do great bodily harm; and a warrant was issued by the justice under this complaint. After hearing the matter, the justice held the appellee to bail on the charge prepared against him by the appellant, until the grand jury could take action in the matter; and in default of bail, committed the appellee to jail under *mittimus*. The grand jury which afterwards convened did not find any indictment against him, and he was discharged from imprisonment.

The main controversy in the case concerned the matters in issue under the pleadings, as to whether the appellant forcibly entered the house occupied by the appellee and then assaulted and beat him; or entered the house by the invitation of the appellee; and whether or not the appellant or the appellee was aggressor in the personal altercation and fight which ensued after the appellant was in the house; and whether or not the appellant was acting in self-defense. There is a very decided conflict in the evidence and in the testimony of the appellant and the appellee, concerning these matters. All these matters involve questions of fact and also involve the determination of the credibility of all the witnesses who testi-

fied in relation thereto; and are questions primarily for the jury to determine.

A number of errors are assigned for reversal of the judgment. The substantial errors however relate to the force and effect given on the trial to the charge of false imprisonment laid in the fourth additional count of the declaration; error is also assigned on the giving or refusal of instructions.

Concerning the question of the right of the appellee to recover damages for the alleged false imprisonment, the evidence shows that the imprisonment of the appellee was under legal process and in consequence of a judicial determination that he should be held to answer to the grand jury concerning the charge preferred against the appellee. Under these conditions, the appellee had no right to recover damages for false imprisonment, unless the warrant was invalid or the arrest and detention was illegal, which is not shown by the evidence. *Liogas v. Lowenguth,* 215 Ill. App. 216, and cases there cited. Under the evidence showing that the appellee was imprisoned under legal process and in consequence of judicial determination, the court should have directed a verdict of not guilty on false imprisonment charge.

It may be pointed out, concerning the errors assigned on the giving of instructions for the appellee, that the 7th instruction is erroneous, in that it singles out a particular part of the evidence, and bases the rights of the parties to possession and the right of the appellant to dispossess the appellee upon this portion of the evidence. The 8th instruction which contains the statement, that if the appellant should attempt to take possession without process of law, such person in possession has the right to use whatever force may be necessary to prevent such an act, is erroneous because it leaves out the element of force in the attempt to take possession. It was error to re-

fuse to give the 3rd instruction requested by appellant, which had reference to the charge of false imprisonment. The instruction embodies a substantially correct statement of the law, as hereinbefore cited, and was proper in view of the evidence in the case.

For the errors indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*