GERALD KAY, Plaintiff-Appellant, *v.* ROBERT I. BOEHM *et al.*, Defendants-Appellees.

(No. 73-223;

Second District (1st Division)—August 27, 1975.

*Rehearing denied November 21, 1975.*

Gerald Kay, *pro se.*

Sidney Abelski, of Block, Levy & Becker, of Chicago, for appellees.

PER CURIAM:

The plaintiff Gerald Kay, *pro se,* a resident of Du Page County, filed a complaint in the circuit court of Du Page County for malicious prosecution and false imprisonment against attorneys Robert I. Boehm and Alvin W. Block, residents of Cook County. The alleged cause of action arose in Cook County where, upon the petition of attorney Boehm, Gerald Kay was found to be in contempt of the circuit court of Cook County and was committed to the Cook County Jail on March 2, 1971. Subsequently, plaintiff filed a petition in the Illinois Supreme Court seeking release from custody, dismissal of the contempt charges and other relief. On May 21, 1971, the supreme court denied all relief prayed for except that it allowed him to sue as a poor person. The record does not disclose any further action of the supreme court. With his release from custody by Judge Brown of the circuit court of Cook County he was ordered to submit to psychiatric treatment. He was further ordered to desist from filing "any petitions, papers or documents of any sort whatsoever with this court or any court of this land until the further order of the court." It appears that he did, in fact, file various documents and apparently did not submit himself to psychiatric treatment and on June 2, 1971, he was recommitted to the Cook County Jail where he remained until September 29, 1971. On February 7, 1973, he filed the instant complaint in the circuit court of Du Page County against both Robert I. Boehm and Alvin W. Block. The defendants filed a general appearance in the latter action and a motion to dismiss, alleging, *inter alia,* that the complaint failed to state a cause of action for either false imprisonment or malicious prosecution and that the cause of action did not arise in Du Page County

nor did defendant Boehm or Block reside in Du Page County. No motion was filed to transfer the cause to Cook County: Upon a hearing in the circuit court of Du Page County, the trial court dismissed the complaint with prejudice, but interestingly said, "* * * but I would suggest that you get yourself somebody to represent you so that this can be prepared correctly." The plaintiff then appealed the latter order to this court.

It appears that the instant proceedings arose out of a Cook County divorce proceeding, starting in the year 1965, in which Gerald Kay, the defendant therein, filed nine notices of appeal from the various orders of the circuit court of Cook County; filed five complaints with the Chicago Bar Association against the lawyers therein; and, as indicated above, filed a petition for leave to appeal in the supreme court. Additionally, in the divorce proceedings, he filed barratry charges against attorney Boehm, which were dismissed December 17, 1970.

It is difficult to follow the chronology of the activities of the plaintiff herein, and it is even more difficult to comprehend the *pro se* pleadings which have been filed from time to time.

■■ As pointed out by defendants, the termination of a prior proceeding in favor of the plaintiff is an essential element in a cause of action for malicious prosecution which must be factually set forth in the complaint. The instant complaint was fatally deficient in this regard. In fact, plaintiff did not have a valid cause of action for malicious prosecution at the time he filed his complaint because the contempt proceeding, upon which the complaint was based, simply did not terminate in his favor. During the pendency of this appeal, on September 5, 1974, the appellate court for the First District reversed the March 2, 1971, contempt order. (*Kay v. Kay* (1974), 22 Ill.App.3d 530, 318 N.E.2d 9.) The appellate court found that contempt order to be a criminal contempt and further found that the evidence was insufficient to support the criminal contempt finding against the plaintiff. The court observed that Kay was not present in court and that the contempt finding was made without introduction of any evidence. The court further observed that the burden of proof in a criminal contempt case is proof beyond a reasonable doubt as to both act and intent. In reversing the contempt order, the court observed that Kay did, in fact, burden the court with numerous petitions, some of which were unintelligible and that appellant's brief was difficult to comprehend.

■■ It is to be noted that the complaint filed by the plaintiff herein is entitled "A Complaint for False Imprisonment and Malicious Prosecution." Examination of the complaint does not disclose the distinction

between the two and the defendants have argued solely on the basis of malicious prosecution. In this connection we quote from Prosser, Handbook of the Law of Torts § 12, at 49 (4th ed. 1971):

> "The kindred action of malicious prosecution protects interests closely related to those involved in false imprisonment, and sometimes the two are confused by the courts. * * * The distinction between the two lies in the existence of valid legal authority for the restraint imposed. If the defendant complies with the formal requirements of law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the state and not to be imputed to him. * * * The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff."

Since plaintiff was restrained of his liberty under legal process, through the authorized actions of the sheriff of Cook County, pursuant to an order of contempt, it is apparent that a cause of action for false imprisonment will not lie against the defendants therefor. See *Shemaitis v. Froemke* (1955), 6 Ill.App.2d 323, 127 N.E.2d 648.

In *La Salle National Bank v. 222 East Chestnut Street Corp.* (7th Cir. 1959), 267 F.2d 247, the court was faced with a situation where, as in the case before us, the prior litigation had not terminated favorably to the plaintiffs at the time of the filing of suit. The court therein held that the complaint was therefore properly dismissed as it was based on alleged malicious prosecution of a Federal court injunction suit where no court had passed directly on the claim or a final decision had been made. The court observed:

> "First, it is settled Illinois law that a complaint for malicious prosecution 'must allege facts showing that the prior litigation had terminated at the time of the filing of the complaint and that it had terminated favorably to plaintiff.' 25 I.L.P. § 33, p. 594, and cases there cited. Since the Zoning Variation Suit and the supersedeas and stay order had not been so terminated at the time plaintiffs filed their complaint, it would have been impossible for them to have met this requirement of Illinois law." 267 F.2d 247, 252.

We therefore have a most similar situation to *La Salle National Bank* in the case before us. At the time plaintiff filed his malicious prosecution suit in the circuit court of Du Page County, there had been no favorable termination of the contempt charges against him in Cook County. During the pendency of this appeal the First District Appellate Court in fact did hold that Kay was improperly found to be in contempt

of the circuit court of Cook County. As in *La Salle*, the action brought by Kay for malicious prosecution in Du Page County was premature. We also note that the suit was improperly brought in Du Page County as neither the transaction upon which the complaint was based nor the residence of either defendant was in Du Page County. (See Ill. Rev. Stat. 1973, ch. 110, § 5.) We find *La Salle National Bank* to be controlling and, under the facts of this case, the action of the trial court in dismissing the complaint was proper. The judgment of the trial court is affirmed.

Affirmed.