Howell H. SHERROD, Jr., Plaintiff,

v.

PIEDMONT AVIATION, INC.,
Defendant.

No. CIV–2–77–179.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 25, 1978.
On Motion to Reconsider June 26, 1978.

On Motion to Dismiss Appeal
July 24, 1978.

Dick L. Johnson, Johnson City, Tenn., for plaintiff.

David W. Blankenship, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for compensatory and punitive damages for the defendant's removal of the plaintiff from a commercial aircraft. 28 U.S.C. §§ 1332(a)(1), (c). The defendant Piedmont Aviation, Inc. (Piedmont) moved the Court for a summary judgment as to the plaintiff Mr. Sherrod's claims herein of false arrest and imprisonment, malicious prosecution, and abuse of process, supporting such motion with an affidavit. Rule 56(b), (e), Federal Rules of Civil Procedure. The plaintiff failed to make a timely response to such motion, local Rule 12(b), and is thus deemed to have waived any opposition thereto, local Rule 11(f).[1]

■ Jurisdiction having been invoked herein on the basis of the diversity of citizenship of the parties and the requisite amount in controversy, 28 U.S.C. §§ 1332(a)(1), (c), this Court must look to the law of Tennessee including such jurisdiction's conflict of law rules. *Boatland, Inc. v. Brunswick Corp.,* C.A.6th (1977), 558 F.2d 818, 821[1]. It being undisputed that all events surrounding the incident which is the basis herein of this action occurred in Illinois, under the conflict of law rules of Tennessee, this Court is required to apply the substantive law of Illinois. *Telecommunications, E. S. & S. Co. v. Southern T. S. Co.,* C.A.6th (1975), 518 F.2d 392, 394[4]; *Winters v. Maxey* (Tenn., 1972), 481 S.W.2d 755, 756[1].

The thrust of the plaintiff's claim is that, while he was seated in the defendant's commercial aircraft at O'Hare Field in Chicago awaiting its "take off," Piedmont's personnel ordered him to remove himself from the plane; that, when he refused to do so, they, without just cause, swore out an arrest warrant with the appropriate authorities charging him with the offense of disorderly conduct; that he was arrested and taken from the plane by the Chicago police pursuant to such warrant; and that he was thereafter imprisoned for some 2 hours in a Chicago police precinct station prior to posting bond.

The uncontroverted affidavit of Mr. Larry Brook, an employee of Piedmont, estab-

1. One month after the defendant filed its aforementioned motion, and subsequent to the preparation of this opinion, the plaintiff moved the Court to allow him through June 6, 1978 within which " * * * to answer * * * " such motion. Rule 6(b), Federal Rules of Civil Procedure. The plaintiff was required to have submitted any response to the defendant's motion within 5 days after the service thereof. Local Rule 12(b). He could have obtained readily an enlargement of this period had he sought the same within the 5-day period, Rule 6(b)(1), Federal Rules of Civil Procedure; however, because of his failure to so do, this Court can only grant an extension of time within which to respond to the defendant's motion upon a showing of excusable neglect. Rule 6(b)(2), Federal Rules of Civil Procedure. Reliance by counsel for the plaintiff upon Rule 56.03 of the *Tennessee* Rules of Civil Procedure, does not constitute such excusable neglect in the opinion of the Court. " * * * [C]ounsel should not expect an application under Rule 6(b)(2) to be granted when failure to act was due to simple inadvertence or a mistake regarding the content of the rules or unfamiliarity with them. * * * " 4 Wright & Miller, Federal Practice and Procedure 622, § 1165. The motion hereby is DENIED.

lishes that, on November 14, 1977 in a Chicago court, Mr. Sherrod was found guilty of disorderly conduct in connection with this incident and was ordered to forfeit his bond. Piedmont contends that such conviction bars the plaintiff's claim herein of false arrest and imprisonment, malicious prosecution, and abuse of process.

 " * * * [I]t is settled Illinois law that a complaint for malicious prosecution 'must allege facts showing that the prior litigation * * * had terminated favorably to the plaintiff.' * * * " *LaSalle National Bank v. 222 East Chestnut Street Corp.,* C.A.7th (1959), 267 F.2d 247, 252[5], certiorari denied (1959), 361 U.S. 836, 80 S.Ct. 88, 4 L.Ed.2d 77. Unless the underlying proceeding terminated in the plaintiff's favor, he cannot maintain an action for malicious prosecution. *Barrett v. Baylor,* C.A.7th (1972), 457 F.2d 119, 122[3]; *Alberto-Culver Co. v. Andrea Dumon, Inc.,* D.C.Ill. (1969), 295 F.Supp. 1155, 1160[7]; *Schwartz v. Schwartz* (1937), 366 Ill. 247, 250(1), 8 N.E.2d 668; *Bonney v. King* (1903), 201 Ill. 47, 50(2), 66 N.E. 377; *McBean v. Ritchie* (1856), 18 Ill. 114; *Kay v. Boehm,* C.A.Ill. (1975), 32 Ill.App.3d 853, 856(2), 336 N.E.2d 781; *Elfgen v. Noll's Ice Cream & Frozen Food Co.,* C.A.Ill. (1971), 131 Ill.App.2d 1006, 1068(1), 267 N.E.2d 731; *Neumann v. Ellars,* C.A.Ill. (1966), 75 Ill.App.2d 394, 221 N.E.2d 85; *Ammons v. Jet Credit Sales, Inc.,* C.A.Ill. (1962), 34 Ill.App.2d 456, 461–462[4], 181 N.E.2d 601; *Hargadine v. Sharkey,* C.A.Ill. (1956), 8 Ill.App.2d 209, 226[6], 131 N.E.2d 134; *Breytspraak v. Gordon,* C.A.Ill. (1948), 333 Ill.App. 650, 77 N.E.2d 860; *Ligitos v. Finerman,* C.A.Ill. (1946), 329 Ill.App. 241, 67 N.E.2d 610. A conviction in an underlying criminal prosecution is a complete defense and a bar to a malicious prosecution suit. *DeCorrevant v. Lohman,* C.A.Ill.[2] (1967), 84 Ill.App.2d 221, 228[7], 228 N.E.2d 592; *Galarza v. Sprague,* C.A.Ill. (1936), 284 Ill.App. 254, 260(2), 1 N.E.2d

275; *Dahlberg v. Grace,* C.A.Ill. (1913), 178 Ill.App. 97, 101(1).

 Mr. Sherrod makes no claim herein that the aforementioned criminal proceeding terminated in his favor, and the contrary is shown by an uncontroverted affidavit. Accordingly, he cannot maintain an action for malicious prosecution as to this proceeding.

 By amendment to his complaint, the plaintiff avers that the defendant also filed charges against him with the Federal Aviation Administration, and that such charges " * * * were dismissed or dropped. * * * " This is still not sufficient for a malicious prosecution action. Under Illinois law, malicious prosecution involves " * * * [t]he institution or continuation of an original *judicial* [emphasis provided] proceeding, either civil or criminal. * * * " 25 Ill.Law & Practice 571–572, Malicious Prosecution § 12. The plaintiff makes no claim herein that proceedings before the aforementioned federal administrative agency were judicial in nature, nor does he cite any authority indicating that the Illinois courts have extended the scope of malicious prosecution to cover such proceedings. This Court's research discloses none.

For the aforementioned reasons, Piedmont is entitled to a summary judgment as to the plaintiff's claim of malicious prosecution.

 As to the plaintiff's claims of false arrest and imprisonment[3] and abuse of process, however, it is not required that the underlying proceedings have terminated in favor of Mr. Sherrod. Prosser, Laws of Torts (4th ed., 1971) 49 n. 24, § 11 and 856, § 121. Therefore, Piedmont is not entitled to a summary judgment as to these claims. Nevertheless, as to these claims, the Court hereby EXCLUDES from its consideration the affidavit submitted in support of such

---

**2.** This Court is obligated to follow the decisions of the Illinois intermediate appellate courts unless it is convinced that the Illinois Supreme Court would decide differently. *Ruth v. Bituminous Casualty Corporation,* C.A.6th (1970), 427 F.2d 290, 292[1–3].

**3.** False arrest and false imprisonment are one and the same tort. Prosser, *supra,* at 42, § 11; 32 Am.Jur. (2d) 74, False Imprisonment § 2.

motion and TREATS the motion as seeking a dismissal of these claims for the plaintiff's failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.[4] See and *cf. Marvasi v. Shorty*, D.C.Pa. (1976), 70 F.R.D. 14, 17[1–5] and *In re Penn Central Securities Litigation*, D.C.Pa. (1972), 347 F.Supp. 1327, 1342[21], modified in part on other grounds D.C.Pa. (1973), 357 F.Supp. 869, affirmed C.A.3d (1974), 494 F.2d 528.

Mr. Sherrod was required to have included in his complaint herein " * * * a short and plain statement of the claim showing that [he] is entitled to relief. * * * " Rule 8(a)(2), Federal Rules of Civil Procedure. While it was not necessary for the plaintiff to have set out a detailed accounting of all the facts upon which his claims were based, it was required that the complaint " * * * contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, * * * or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. * * " 5 Wright & Miller, Federal Practice and Procedure: Civil 121–123, § 1216.

■ In ruling on a motion for a dismissal for the failure of a plaintiff to state a claim upon which relief can be granted, the Court is required to treat all well-pleaded allegations of the complaint as true, *Miree v. DeKalb County* (1977), 433 U.S. 25, 27, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557, 561 n. 2[2b], and to construe liberally such allegations in favor of the plaintiff, *Ott v. Midland-Ross Corporation*, C.A.6th (1975), 523 F.2d 1367, 1369[4]. However, legal conclusions that may be alleged are not required to be accepted in ruling on such a motion, *Blackburn v. Fisk University*, C.A.6th (1971), 443 F.2d 121, 124[5]; nor is there any duty on the part of the Court to create a claim which the plaintiff has not spelled-out in his complaint, *Clark v. National Travelers Life Insurance Co.*, C.A.6th (1975), 518 F.2d 1167, 1169[2]. Applying

these criteria, Mr. Sherrod failed to state a claim for false arrest and imprisonment or abuse of process upon which relief can be granted under the substantive Illinois law, and it further appears beyond doubt that Mr. Sherrod can prove no set of facts in support of either of these claims which would entitle him to relief.

■ If one is arrested, or taken into the custody of the law, " * * * without proper legal authority, it is a false arrest, and so false imprisonment. * * * " Prosser, *supra* at 45–46, § 11. However, an action for false arrest or imprisonment does not lie for an arrest or determination made by virtue of duly issued legal process. *Feld v. Loftis* (1909), 240 Ill. 105, 107(1), 88 N.E. 281; *Kay v. Boehm, supra*, 32 Ill.App.3d at 856(2), 336 N.E.2d 781; *Shemaitis v. Froemke*, C.A.Ill. (1957), 12 Ill.App.2d 231, 138 N.E.2d 839; *Shemaitis v. Froemke*, C.A.Ill. (1955), 6 Ill. App.2d 323, 127 N.E.2d 648; *Love v. Goldenberg Furniture Co.*, C.A.Ill. (1943), 317 Ill.App. 381, 46 N.E.2d 111; *Green v. Ross*, C.A.Ill. (1930), 257 Ill.App. 344, 348(2); *Liogas v. Lowenguth*, C.A.Ill. (1919), 215 Ill. App. 216, 218(3). In this connection, Professor Prosser has stated that:

> * * * If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his [the defendant's] agents to make the arrest, and their acts are those of the law and the state, and not to be imputed to him. He is therefore liable, if at all, only for a misuse of legal process to effect a valid arrest for an improper purpose. The action must be for malicious prosecution, upon proof of malice and want of probable cause, as well as termination of the proceeding in favor of the plaintiff. The weight of modern authority is that where the defendant has attempted to comply with legal requirements, and has failed to do so through no fault of his own, false imprisonment will not lie, and

---

4. Alternatively, the Court could raise *sua sponte* the issue of whether the complaint states a claim upon which relief can be granted.

See *Gilland v. Hyder*, D.C.Tenn. (1967), 278 F.Supp. 189, 190[4].

the remedy is malicious prosecution. The policy is to give the defendant the privilege of making reasonable efforts to bring his case properly before the court, without liability unless his ultimate purpose is an improper one. [Footnote reference omitted.]

\*　　\*　　\*　　\*　　\*　　\*

Prosser, *supra* at 49 § 11, quoted in part with approval in *Kay v. Boehm, supra*, 32 Ill.App.3d at 856(2), 336 N.E.2d 781.

 The complaint herein alleges that Mr. Sherrod's arrest and subsequent incarceration by the Chicago police was made pursuant to a warrant taken out by Piedmont's personnel. The plaintiff makes no claim, however, that such legal process was invalid or that it was secured without probable cause to believe that he had committed the offense of disorderly conduct. The allegation that Piedmont lacked " \* \* \* just cause \* \* \* " is not sufficient. False arrest and imprisonment do not occur merely because there was a lack of just or actual cause for the arrest. *Director General of Railroads v. Kasterbaum* (1923), 263 U.S. 25, 27–28, 44 S.Ct. 52, 53, 68 L.Ed. 146, 147–148.

 An abuse of process, sometimes referred to as malicious abuse of process, is the misuse of legal process to accomplish some purpose outside the proper scope of the process. *Barrett v. Baylor, supra*, 457 F.2d at 122[4]; *Alberto-Culver Company v. Andrea Dumon, Inc., supra*, 295 F.Supp. at 1159[5]; *Caspers v. Chicago Real Estate Board*, C.A.Ill. (1965), 58 Ill.App.2d 113, 120[7], 206 N.E.2d 787; *March v. Cacioppo*, C.A.Ill. (1962), 37 Ill.App.2d 235, 243[5], 185 N.E.2d 397. " \* \* \* The elements necessary to establish a cause of action for abuse of process in Illinois are well settled. In order to effectively state such a claim the pleadings must allege (1) the existence of an ulterior purpose or motive; and (2) some act in the use of the legal process not proper in the regular prosecution of the proceedings. \* \* \* " *Ewert v. Wieboldt Stores, Inc.*, C.A.Ill. (1976), 38 Ill.App.3d 42, 43(1), 347 N.E.2d 242.

 The mere institution of a suit or proceeding, even with a malicious intent or motive, does not itself constitute an abuse of process. *Ibid.*, 38 Ill.App.3d at 44, 347 N.E.2d 242; *Holiday Magic, Inc. v. Scott*, C.A.Ill. (1972), 4 Ill.App.3d 962, 967, 282 N.E.2d 452. An action for abuse of process " \* \* \* lies for the improper use of process after it has been issued, but not for maliciously causing process to be issued. \* \* " *Ruehl Bros. Brewing Co. v. Atlas Brewing Co.*, C.A.Ill. (1914), 187 Ill.App. 392, 397. " \* \* \* The test in such cases is whether process has been used to accomplish some end which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do. \* \* \* " *Ewert v. Wieboldt Stores, Inc., supra*, 38 Ill.App.3d at 44, 347 N.E.2d 242.

 The plaintiff makes no claim herein that Piedmont's personnel used any legal process with an ulterior purpose or that they acted in the use of such process in a manner not proper in the regular prosecution of the proceedings against him. Neither is there the slightest intimation in the complaint that Piedmont employed legal process to obtain an end that the process was not intended to effect. Mr. Sherrod, thus, has not stated a claim for abuse of process upon which relief can be granted.

It results that, as to the plaintiff's claim of malicious prosecution, the defendant's motion for a summary judgment hereby is GRANTED, and, as to such claim, summary judgment will enter that the plaintiff take nothing from the defendant. Rules 56(c), 58(1), Federal Rules of Civil Procedure. The plaintiff's claim of false arrest and imprisonment and his claim of abuse of process, each, hereby is DISMISSED for failure to state a claim upon which relief can be granted herein.

On Motion To Reconsider

The defendants moved herein on April 19, 1978 for a summary judgment as to the plaintiff's claim herein of false arrest and imprisonment, malicious prosecution, and abuse of process supporting such motion by

affidavit. Rule 56(b), (e), Federal Rules of Civil Procedure. The plaintiff failed to make a timely response to such motion, local Rule 12(b), and was deemed by the Court to have waived any opposition thereto, local Rule 11(f). Memorandum opinion and order herein of May 25, 1978. Judgment was entered herein on May 25, 1978 granting the defendant's aforementioned motion as to the plaintiff's claim of malicious prosecution, and further dismissing his claims of false arrest and imprisonment and abuse of process. The plaintiff now moves the Court " * * * to reconsider and set aside the [p]artial [s]ummary [j]udgment entered in this cause under Federal Rules of Civil Procedure 59(e). * * * "

It has always been perilous for the party against whom summary judgment is sought neither to come forward to offer some opposition thereto nor to file an affidavit under Rule 56(f). Federal Rules of Civil Procedure. *Adickes v. Kress Co.* (1970), 398 U.S. 144, 161, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 156. Nevertheless, the plaintiff elected apparently neither to oppose such motion by way of response thereto nor to demonstrate the existence of any material fact extant between himself and the defendant sufficient to warrant a trial on any of his claims to which the defendant's motion was addressed. He had ample time within which to do so but, instead, rested upon his pleadings.

▮▮▮▮ It is well settled that a defeated litigant cannot have a judgment set aside because he failed to come forward and defend against a motion for summary judgment. *Williams v. Five Platters, Inc.*, Cust. & Pat.App. (1975), 510 F.2d 963, 964[2]; *Universal Film Exchanges, Inc. v. Lust*, C.A.4th (1973), 479 F.2d 573, 576–577[3]; *Smith v. Stone*, C.A.9th (1962), 308 F.2d 15, 18[4]; *Bryan v. Groff*, C.A.D.C. (1958), 259 F.2d 162, 163; *Sears, Sucsy & Co. v. Insurance Company of No. Amer.*, D.C.Ill. (1975), 392 F.Supp. 398, 412[20]. The failure of the plaintiff to act in this instance was at his own peril, and he can hardly be heard to complain at this late date. Therefore, his motion hereby is

DENIED.

▮▮▮ The plaintiff also excepted to the pre-trial order and moved the Court for leave to amend his complaint herein, so to allege matters relating to the claims on which judgment was entered against him herein on May 25, 1978. The Court, not having set aside or vacated such judgment in accordance with his motion filed under Rule 59(e), *supra*, any amendment to these former claims is not proper. *Ginsburg v. Stern*, C.A.3d (1957), 242 F.2d 379, 381[1]; *Cassell v. Michaux*, C.A.D.C. (1956), 240 F.2d 406, 408[1]; *Feddersen Motors v. Ward*, C.A.10th (1950), 180 F.2d 519, 523[8]; *Market v. Swift & Co.*, C.A.2d (1949), 173 F.2d 517, 519[3]; *Keene Lumber Co. v. Leventhal*, C.A.1st (1948), 165 F.2d 815, 823[16, 17]. Furthermore, the amendment of a party's claims is not appropriate where, as here, that party has had ample opportunity to assert the matters proposed thereby but failed to do so until after judgment was entered against him. *Ondis v. Barrows*, C.A.1st (1976), 538 F.2d 904, 909[9]; *Jackson v. American Bar Ass'n*, C.A.9th (1976), 538 F.2d 829, 833[4]. The plaintiff's exception and motion to amend hereby are

DENIED.

For good cause shown, the motion of the defendant for an extension of time for completion of discovery herein through August 31, 1978, hereby is

GRANTED.

### On Motion To Dismiss Appeal

▮▮▮ The defendant moved the Court to dismiss the appeal of the plaintiff from certain pretrial interlocutory orders herein. This Court has no power to consider such motion.

The filing of a notice of appeal herein by the plaintiff operated to transfer immediately jurisdiction of this action from this Court to the court of appeals of this circuit with respect to the matters involved in such appeal. *First Nat. Bank of Salem, Ohio v. Hirsh*, C.A.6th (1976), 535 F.2d 343, 345 n. 1; 9 Moore's Federal Practice (2d ed.) 734–735,

**46**

¶ 203.11. " * * * Any objection as to the authorization for filing of the notice of appeal raises a question addressed to * * * [the Court of Appeals'] appellate jurisdiction and is not within the jurisdiction of the District Court. * * * " *Hogg v. United States*, C.A.6th (1969), 411 F.2d 578, 580.